IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| BRADSHAW GENARD NUNNALLY,<br><br>  Plaintiff,<br><br>v.<br><br>LOGS LEGAL GROUP LLP,<br><br>  Defendant. | Case No. 3:25-CV-1883-NJR |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

  Plaintiff Bradshaw Genard Nunnally, proceeding *pro se*, filed this action on October 9, 2025, against Defendant LOGS Legal Group LLP. (Doc. 1). Nunnally appears to allege that LOGS Legal Group LLP violated the law and deprived him of his constitutional rights with regard to a foreclosure proceeding. (*Id.*). The matter is now before the Court on Nunnally's Motion to Proceed in District Court Without Prepaying Fees or Costs (Doc. 8) and for screening of his *pro se* Complaint.

  Normally, the fee for filing a complaint and opening a civil case is $405.00. Under 28 U.S.C. § 1915(a)(1), however, an indigent party may commence a federal court action without paying required costs and fees by submitting an affidavit asserting his inability to pay the fees, the nature of the action, and the affiant's belief that he is entitled to redress. 28 U.S.C. § 1915(a)(1). Destitution is not required to proceed without prepaying fees or costs; an affidavit demonstrating that the plaintiff cannot, because of his poverty, provide himself with the necessities of life is sufficient. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339–40 (1948).

The Court is not satisfied from Nunnally's affidavit that he is indigent. Nunnally reports that his net income is $476 per week, and he receives $276 in military disability income. (Doc. 8). He also reports having $1,676 in cash or a checking or savings account. (*Id.*). In terms of expenses, Nunnally attests to spending approximately $500 on regular monthly expenses. (*Id.*). Thus, from his affidavit, it appears that Nunnally has disposable income each month that is sufficient to pay the filing fee in this matter. Accordingly, his motion to proceed without prepaying the filing fee is denied. Nunnally shall have 30 days to pay the filing fee in this matter or to file an amended Motion to Proceed in District Court Without Prepaying Fees or Costs.

The Court will also screen the Complaint to determine whether Nunnally has stated a claim. "District judges have ample authority to dismiss frivolous or transparently defective suits spontaneously, and thus save everyone time and legal expense. *Hoskins v. Poelstra*, 320 F.3d 761, 763 (7th Cir. 2003). "This is so even when the plaintiff has paid all fees for filing and service." *Id.*; *see also Rowe v. Shake*, 196 F.3d 778, 783 (7th Cir. 1999) ("[D]istrict courts have the power to screen complaints filed by all litigants, prisoners and non-prisoners alike, regardless of fee status.").

In reviewing the Complaint, the undersigned is mindful that courts construe *pro se* claims generously. *Buechel v. United States*, 746 F.3d 753, 758 (7th Cir. 2014). The Court accepts all well-pleaded factual allegations as true, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645 (7th Cir. 2013). Conclusory statements and labels, however, are not enough. The Complaint must allege enough facts to "state a claim to relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 421 (7th Cir. 2013). That means "a plaintiff must do better than putting a few words on paper that, in the hands of an

imaginative reader, *might* suggest that something has happened to her that *might* be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010). Instead, "the plaintiff must give enough details about the subject-matter of the case to present a story that holds together." *Id.* at 404.

In his Complaint, Nunnally alleges that he is the "Grantor of Bradshaw Genard Nunnally, TR, a private trust holding fee simple title . . . to real property located in Illinois." (Doc. 3 at p. 2). Defendant LOGS Legal Group LLP, a law firm licensed in the State of Illinois, served as legal counsel for Mortgage Research Center, LLC, d/b/a Veterans United Home Loans, in a contested foreclosure proceeding. Nunnally asserts that jurisdiction is proper in this court under 28 U.S.C. §§ 1331, 1343, and 1367. (*Id.*).

According to Nunnally, Defendant initiated foreclosure proceedings in Illinois state court against property that Nunnally held in trust. (*Id.*). In March 2025, during active litigation and without Nunnally's knowledge or consent, Defendant or its agents caused the deed to the property to be transferred, "despite pending jurisdictional objections and appellate dismissal under Illinois Supreme Court Rule 368." (*Id.*). Nunnally alleges that Defendant continued prosecuting the foreclosure even after the appellate court dismissed the action for want of prosecution, thereby defying lawful court orders and "acting under color of law without jurisdiction." (*Id.*). Nunnally asserts that this conduct is "analogous to levying war against the rights of lawful freeholders and betraying the king's peace under the historical Treason Act of 1351 . . . By depriving a private trust heir of property without due process or lawful judgment, Defendant's actions amount to a betrayal of the sovereign law of the land." (*Id.* at pp. 2-3).

In Count I, Nunnally alleges abuse of process in that Defendant misused court proceedings for an improper purpose and misrepresented the procedural status of his appeal to acquire property without lawful title. In Count II, Nunnally claims fraud and misrepresentation in that Defendant made materially false representations to the trial court about its authority to proceed and failed to disclose the appellate ruling barring further prosecution. In Count III, Nunnally alleges conversion, claiming that Defendant interfered with Nunnally's possessory interest and legal title, constituting civil theft by transferring the deed without authorization. Finally, in Count IV, Nunnally alleges that Defendant acted in concert with state actors to deprive him of rights and property in violation of the Constitution. (*Id.*). While Nunnally does not provide any statutory authority for Count IV, the claim falls under 42 U.S.C. § 1983, which imposes liability on any person who, acting under color of state law, violates the Constitution or federal law. *Orr v. Shicker*, 147 F.4th 734, 739 (7th Cir. 2025).

As damages, Nunnally alleges that he has suffered the loss of real property valued in excess of $250,000, as well as emotional distress, legal expenses, reputational harm, loss of quiet enjoyment and trust equity, and terrorism. He seeks compensatory and punitive damages, declaratory judgment restoring his title to the property, injunctive relief barring further prosecution, as well as costs and attorney's fees.

Nunnally also provided the Court with an Affidavit in support of his Complaint, in which Nunnally attests that he never received a judicial ruling determining lawful title or authority to transfer title to his property. (Doc. 5). He further states that LOGS Legal Group LLP acted under color of law and that its actions are part of a broader pattern of fraudulent activity. (*Id.*). Nunnally claims that, under the Treason Act of 1351, the betrayal of lawful

sovereigns or seizure of inherited land without royal or common law authority constitutes "levying war" against the people's rights. (*Id.*). He alleges, under a section titled "Terroristic Injury and Coercion," that he has been subjected to persistent fear, deprivation of housing stability, emotional stress, and intimidation by LOGS Legal Group LLP. (*Id.*). In addition to the previously mentioned request for relief, Nunnally asks the Court to refer Defendant for criminal investigation under 18 U.S.C. §§ 241 and 242, as well as the applicable provision of the Treason Act of 1351. (*Id.*).

## JURISDICTION

Federal courts possess "limited jurisdiction." *Boim v. Am. Muslims for Palestine*, 9 F.4th 545, 550 (7th Cir. 2021). "[D]istrict courts can only exercise power if authorized by Congress, so each case in federal court must rest upon an independent statutory basis for federal jurisdiction." *Id.* at 551. The majority of cases that are filed in federal court either arise under federal law, and thus are permitted under 28 U.S.C. § 1331 ("federal question jurisdiction"), or they involve diverse parties and more than $75,000 in controversy, and thus are permitted under 28 U.S.C. § 1332 ("diversity jurisdiction"). *Id.*

Nunnally does not allege diversity jurisdiction exists under 28 U.S.C. § 1332. Instead, he relies on federal question jurisdiction under 28 U.S.C. §§ 1331 and 1343 and supplemental jurisdiction under 28 U.S.C. § 1367. "Sections 1331 and 1343 provide the district court with jurisdiction over actions arising under the Constitution or federal law, or for any constitutional deprivation arising under color of state law." *Kavouras v. Fernandez-Powers*, 928 F.2d 407 (7th Cir. 1991); *see also Myles v. United States*, 416 F.3d 551, 554 (7th Cir. 2005) ("Section 1343(a)(3) covers only civil rights claims against state actors and has had no legal effect since 1976, when Congress amended § 1331 to eliminate any amount-in-controversy

requirement."). Thus, to establish jurisdiction, Nunnally must have alleged a constitutional violation by a state actor or by a private actor acting under color of state law. "The under-color-of-state-law element means that § 1983 does not permit suits based on private conduct, 'no matter how discriminatory or wrongful.' " *Spiegel v. McClintic*, 916 F.3d 611, 616 (7th Cir. 2019) (quoting *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49–50 (1999)).

Counts I, II, and III do not allege any constitutional violations by a state actor. Defendant LOGS Legal Group LLP is a law firm and, thus, is a private actor. In Count IV, however, Nunnally alleges a conspiracy between LOGS Legal Group LLP and state actors to deprive him of his property rights in violation of the constitution.

An allegation that a defendant formed a conspiracy with a state actor to violate his constitutional rights may subject a defendant, as a private actor, to liability under 42 U.S.C. § 1983. *Bowman v. City of Franklin*, 980 F.2d 1104, 1107 (7th Cir. 1992); *see also Spiegel*, 916 F.3d at 616 ("a private citizen can act under color of law if there is evidence of a concerted effort between a state actor and that individual"). To adequately plead § 1983 liability through a conspiracy theory, a plaintiff must allege that: (1) a state official and a private party reached an understanding to deprive the plaintiff of his constitutional rights, and (2) the private party was a willful participant in joint activity with the State or its agents. *Spiegel*, 916 F.3d at 616. "[M]ere allegations of joint action or a conspiracy do not demonstrate that the defendants acted under color of state law . . . ." *Id.*

Here, Nunnally has merely claimed in a conclusory manner that Defendant LOGS Legal Group LLP acted in concert with state actors to violate his constitutional rights. He has not specified who those alleged state actors are or which constitutional rights were violated. Nunnally's bare bones allegations of a conspiracy is simply not enough for this Court to

determine that Defendant was acting under color of state law such that this Court has subject matter jurisdiction under §§ 1331 and 1343. And if this court does not have original subject matter jurisdiction, the Court also cannot assert supplemental jurisdiction over the state law claims in Count I, II, and III under 28 U.S.C. § 1367(a).

Because the Court does not have subject matter jurisdiction, the Complaint must be dismissed. However, the Court will grant Nunnally leave to amend his Complaint to provide sufficiently detailed jurisdictional allegations.

### CONCLUSION

For these reasons, the Motion to Proceed in District Court Without Prepaying Fees or Costs filed by Plaintiff Bradshaw Genard Nunnally (Doc. 8) is **DENIED**, and the Complaint is **DISMISSED without prejudice**.

Nunnally is **ORDERED** to pay the $405 filing fee on or before **January 12, 2026**. If Nunnally chooses to file an amended complaint, he should do so on or before **January 12, 2026**. Failure to pay the filing fee and file an amended complaint may result in the dismissal of this case with prejudice.

**IT IS SO ORDERED.**

DATED:  December 12, 2025

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**